**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 11:18 AM April 15, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| KERI A. CHARLEY, | ) | CASE NO. 15-60118 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On March 19, 2015, relying on 11 U.S.C. § 522(f), Debtor filed a motion to avoid a judicial lien held by GE Money Bank. No objections were filed. The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

Debtor filed a chapter 7 case on January 22, 2015. She did not list any secured claims on Schedule D. However, she now seeks to avoid a judgment lien held by GE Money Bank

1

recorded in Stark County on June 25, 2012. She claims that the judgment lien impairs an exemption in personal property and is therefore avoidable under 11 U.S.C. § 522(f)(1)(A).

The court cannot grant the motion based on the present record. Under Ohio Revised Code § 2329.02, a certificate of judgment creates a lien in lands and tenements from the date it is filed. The filing of a certificate of judgment does not create a lien in personal property. A lien in personal property arises when the goods and/or chattels are seized in execution pursuant to a writ of execution. O.R.C. § 2329.03. Nothing in Debtor's motion, schedules or Statement of Financial Affairs indicates a seizure has occurred, thereby creating a lien in Debtor's personal property in favor of GE Money Bank. Consequently, it doesn't appear there is a lien to avoid. Additionally, even Debtor's property was bound by a lien, Debtor has not set forth calculations demonstrating an entitlement to avoidance in accordance with 11 U.S.C. § 522(f)(2)(A).

The court notes the unusual nature of the request. Often, avoidance of liens in personal property is premised on 11 U.S.C. § 522(f)(1)(B), the statutory provision that allows a debtor to avoid non-purchase money security interests. The court has rarely (if ever) seen a request to avoid a judicial lien in personal property under § 522(f)(1)(A).

Based on the foregoing, the motion will be denied without prejudice. An order will be issued immediately.

#   #   #

**Service List:**

Keri A. Charley
5671 Breezehill Rd. SW
East Sparta, OH 44626

Debra E Booher
1350 Portage Trail
Cuyahoga Falls, OH 44223

GE Money Bank
Attn: Officer
4246 Riverboat RD S
Suite 200
Salt Lake City UT  84123

Synchrony Bank fka GE Money Bank
Attn: Officer
170 W. Election RD
Suite 125
Draper UT  84020

2

15-60118-rk    Doc 13    FILED 04/15/15    ENTERED 04/15/15 11:38:12    Page 2 of 3

GE Money Bank
c/o Javitch, Block & Rathbone
1100 Superior AVE, 19th Floor
Cleveland OH   44114

GE Money Bank
c/o Allied Interstate
PO Box 4000
Warrenton VA   20188